## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MALISSA J. FANSLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:20CV00034 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | JUDGE JAMES P. JONES |
| **ACTING COMMISSIONER** | ) | |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Hugh F. O'Donnell,* CLIENT CENTERED LEGAL SERVICES, *Norton, Virginia, for Plaintiff; Margaret W. Reed, Special Assistant United States Attorney, and Antonia M. Adam, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I grant in part the objections of the plaintiff to the Report and Recommendation ("Report") of the magistrate judge and remand the case for further proceedings.

In this case, the plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 25-page

Report on December 20, 2021, in which she recommended that the court affirm the Commissioner's decision denying benefits.  On January 3, 2022, the plaintiff filed objections to the Report.  The defendant filed a response to the objections on January 13, 2022.  The objections are ripe for decision.

 I must make a de novo determination of those portions of the Report to which the plaintiff objects.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under the Act, I must uphold the factual findings and final decision of the Commissioner based upon the findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard.  *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed.  *See id.*  But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (internal quotation marks and citation omitted).  "To pass muster, ALJs must build

an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

In her objections, the plaintiff contends that the ALJ erred in five ways: (1) by failing to address the fact that a consultive psychological examination report was co-signed and by referring to only one of the signees; (2) by failing to properly identify certain conclusions cited within such consultive psychological examination report; (3) by failing to properly consider the plaintiff's mother's sworn testimony; (4) by relying on certain pieces of the record in support of his final ruling; and (5) by relying on the "unrealistic" and "arbitrary" notion that the plaintiff would only be absent from the workplace not more than an average of one day per month.  Pl.'s Objs. 2–13, ECF No. 19.

The plaintiff's objections as to the ALJ's consideration of the plaintiff's mother's testimony and ALJ's reference to certain parts of the record amount to a disagreement with how the ALJ weighed the record evidence, which is not a proper ground for rejecting the Report or overruling the Commissioner's decision.

 To the extent the ALJ somehow erred in not specifically citing the panic disorder, agoraphobia, and unspecified depressive disorder diagnoses identified in a consultive psychological examination report or by not identifying one of the consultive report's co-signors, such errors are harmless.  The ALJ recognized the plaintiff's panic disorder, agoraphobia, and unspecified depressive disorder as

severe impairments. The ALJ considered the consultive report and referenced the report's findings regarding the plaintiff's limitations. The ALJ explained that he found the consultive report inconsistent with the overall record and explained why he found the report to be less persuasive than other opinions within the record.

However, the ALJ failed to adequately explain his finding that the plaintiff would be absent from a workplace not more than an average one day per month.

The plaintiff frames her objection to the one-day-a-month allowance as an objection to the hypothetical that the ALJ posed to the vocational expert. However, the crux of her argument is that the one day a month allowance is "arbitrary" and "unrealistic" in that it does not account for the plaintiff's impairments or the plaintiff's need for ongoing therapy. *Id*. at 12. In other words, the issue raised by the objection is essentially whether the ALJ "buil[t] an accurate and logical bridge" between the evidence and this piece of the ALJ's residual function determination or whether such finding was arbitrary. *Arakas*, 983 F.3d at 95. This is significant because (1) although ALJs are afforded latitude in posing hypothetical questions, they should pose those "that are based on substantial evidence and accurately reflect a claimant's limitations," *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) and (2) because the court must be able to ascertain both why an ALJ included attendance limitations in a residual functional capacity assessment and how the ALJ determined the extent of the attendance

limitations.  *Tygari D. v. Kijakazi*, No. 1:20-cv-00697-LO-MSN, 2021 WL 5230739, at *14 (E.D. Va. Oct. 22, 2021).

In explaining how he determined that the plaintiff would be absent from a workplace not more than an average of one day per month due to her panic attacks and issues with not wanting to leave home, the ALJ noted that the limitation was "consistent with her statements to treating providers that she went weeks between panic attacks[] and had significant improvement in her symptoms from weekly therapy visits, as well as Xanax and a low dose of Lexapro."  ALJ Decision at 16, ECF No. 13-1.  However, the ALJ did not explain how he reconciled the one day a month allowance with contradictory evidence in the record.

For example, the ALJ failed to explain if and to what extent he considered the plaintiff's documented need for regular therapy visits in finding that the plaintiff would be absent from work no more than one day a month.  In other words, the ALJ both relied on the plaintiff's weekly therapy visits to support the notion that the plaintiff had significant improvement in her symptoms and could be present at work, but also failed to establish a logical link between the plaintiff's need for regular therapy appointments and his finding that the plaintiff would miss work on average no more than one day per month.

Moreover, it is unclear what weight, if any, the ALJ gave to the plaintiff's testimony that she frequently cancels counseling appointments because of her

anxiety and/or the note in the plaintiff's therapy records that the plaintiff frequently cancels and reschedules sessions, documentation that may indicate the plaintiff's impairments could impact her ability to appear for commitments.  Hr'g Tr. at 14, Hr'g Ex. 14F at 1, ECF No. 13-1.

In sum, the ALJ failed to adequately explain how he determined the extent of the plaintiff's limitations regarding absences.  While the ALJ did cite facts from the record that are relevant, the ALJ failed to "analyze all of the relevant evidence and provide a sufficient explanation for [his] rationale in crediting certain evidence." *Brown v. Comm'r, Soc. Sec. Admin.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013) (internal quotation marks and citation omitted).  "As such, the analysis is incomplete and precludes meaningful review."  *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016).

## IV.

Accordingly, I will remand the case to the Commissioner for further administrative proceedings so that all relevant evidence can be properly considered in determining the plaintiff's residual functional capacity, specifically, her absentee limitation, and the plaintiff's ability to successfully adjust to other work due to that absentee limitation.  Despite remanding this case for further findings, I express no opinion as to whether the ALJ's ultimate finding that the plaintiff is not disabled is correct.

An appropriate final judgment will be entered.

Accordingly, it is **ORDERED** as follows:

1.     Plaintiff's Objections, ECF No. 19, are GRANTED IN PART AND DENIED IN PART;

2.     The magistrate judge's Report and Recommendations, ECF No. 18, are ACCEPTED IN PART AND REJECTED IN PART;

3.     Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED;

4.     The Commissioner's Motion for Summary Judgment, ECF No. 16, is DENIED; and

5.     A separate final judgment will be entered herewith remanding the case for further development.

ENTER:  March 25, 2022

/s/  JAMES P. JONES
Senior United States District Judge